IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| THE BUSINESS & TECHNOLOGY RESOURCE GROUP, INC., *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) ) | Civil Action No. 1:08-cv-681 |
| *vs.* | ) ) | GBL/JFA |
| NORYAN SYSTEMS, INC., *et al.*, | ) ) ) | |
| *Defendants*. | ) | |

## REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

The law firm of Holland & Knight LLP ("Movant") submits this reply memorandum to further explain the grounds for its motion to withdraw as counsel for Defendants Noryan Systems, Inc., Noryan Holdings, Inc., Noryan Consulting Services, Inc., (collectively, the "Noryan Defendants"), Anthony Furnelli, and Lynn Richards, and so the Court can fully consider the circumstances surrounding this Motion in advance of the March 30, 2009 hearing on this matter.[1]

In addition to the substantial financial burden that Movant currently is suffering and will continue to suffer with further involvement in this action,[2] the Movant's representation of the Defendants has been rendered "unreasonably difficult" under Virginia Rule of Professional

---

[1] Movant cannot divulge client confidences in connection with the Motion to Withdraw, but trusts it can provide the Court with sufficient context and information that the Court needs in consideration of the Motion.

[2] See Portsmouth Redevelopment and Housing Authority v. BMI Apartments Associates, 851 F.Supp. 775, 779, 781, 786 (E.D. Va. 1994) (granting law firm's motion to withdraw as defendant's counsel based on defendant's breach of fee agreement and unreasonable financial burden where (1) over 11 months of litigation had passed and an outstanding balance of approximately $220,000 remained prior to trial, (2) advance notice of a motion to withdraw had been provided, (3) "continued representation will serve only to increase the already heavy burden of [defense counsel] carrying a debt of almost one-quarter of a million dollars," and (4) "the likely course of litigation, if it is not settled, will require the law firm to render substantial additional service if it is to fulfill its obligation of zealous representation").

Conduct 1.16(b)(5). More specifically, the representation is ethically precluded because a conflict of interest has recently developed between the Noryan Defendants and the individual Defendants, Mr. Furnelli and Mr. Richards.

At the beginning and during the majority of this litigation, each of the Defendants' interests were aligned and the Defendants had consented to joint representation. That definitely is no longer the case. Earlier this year, Noryan was forced to terminate an overwhelming number of its employees, including Mr. Furnelli and Mr. Richards. At the time of the termination and the period thereafter, no ethical conflict of interest was apparent or foreseen. However, based on recent developments and communications with the Defendants, the circumstances have changed and an ethical conflict of interest has arisen with respect to the Noryan Defendants, on the one hand, and Defendants, Mr. Furnelli and Mr. Richard, on the other hand.

Because the interests of the Noryan Defendants and those of Defendants Mr. Furnelli and Mr. Richards are no longer aligned and a conflict of interest exists, Movant is no longer ethically able to represent all of the Defendants' interests in the litigation and is ethically obligated to withdraw from that representation. The terms of Movant's engagements with the Defendants require Movant to withdraw from the representation where, at any time during the representation, differences develop between the joint clients that interfere with Movant's representation of each of them and require Movant to not accept representation with another client whose interests are directly adverse to its client. Moreover, Virginia Rule of Professional Conduct 1.7 provides, in pertinent part, that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is significant risk that the

representation of one or more clients will be materially limited by the lawyer's responsibilities to another client..."

The Defendants have not consented to continued joint representation in light of the conflict of interest, and Movant has been directed by certain clients to not continue the joint representation. See O'Dell v. Commonwealth, 234 Va. 672, 687, 364 S.E.2d 491, 500 (1988) ("Where one lawyer represents multiple clients with divergent interests, *all* clients must waive the potential conflict of interest in order for the attorney to proceed.")(decided under former DR 5-105). Even if the Defendants were to consent, Movant cannot ethically continue to represent the Defendants under Virginia Rule or Professional Conduct 1.7(b).

There is no material adverse effect on the Defendants by Movant's withdrawal as their counsel under Virginia Rule of Professional Conduct 1.16. There also is no prejudice to Plaintiff (even though that is not the standard governing withdrawal under Rule 1.16). Movant has obtained supplemental documents from the Defendants responsive to the discovery requests at issue in the Consent Order (entered by the Court on March 24) and has produced such documents to Plaintiff's counsel on March 20, March 24, and March 27 in compliance with the Order.

The Defendants (including Mr. Robert Padgett[3] who resigned from the Noryan Defendants on March 20) have been advised of the depositions Plaintiff has noticed to take of them next month, and of their obligations to attend their depositions. Plaintiff's discovery, including the depositions of the Defendants and Mr. Padgett and other third parties it has scheduled, can appropriately continue without Movant's representation.

---

[3] Plaintiff's counsel was advised of Mr. Padgett's apparent resignation on March 20, the same day that Movant learned of his resignation. Plaintiff's suggestion that Movant knew of Mr. Padgett's resignation prior to that time is simply incorrect.

3

Additionally, the Noryan Defendants have advised Movant – and asked Movant to advise the Court – that the Noryan Defendants are working with the law firm of Allen & Overy LLP in this matter and to obtain other counsel. Movant also has offered to recommend potential substitute counsel to Mr. Furnelli and Mr. Richards if they so choose and are able to maintain independent counsel going forward in the case.

## Conclusion

Based on the foregoing, and those reasons set forth in the March 20, 2009 Motion to Withdraw and as may also be presented at the March 30, 2009 hearing on this matter, Movant respectfully requests that the Court grant its Motion to immediately withdraw as counsel in this action.

March 27, 2009

Respectfully submitted,

/s/ BRANDON H. ELLEDGE
_____
Christopher Myers (VSB# 18363)
chris.myers@hklaw.com
Brandon H. Elledge (VSB# 45349)
brandon.elledge@hklaw.com
Jonathan E. O'Connell (VSB# 76073)
jonathan.oconnell@hklaw.com
HOLLAND & KNIGHT LLP
1600 Tysons Blvd., Suite 700
McLean, Virginia 22102
(703) 720-8600
(703) 720-8610 (facsimile)

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF), to the following:

Gregory D. Grant (VSB# 31784)
ggrant@srgpe.com
Courtney R. Sydnor (VSB# 45911)
csydnor@srgpe.com
SHULMAN, ROGERS, GANDAL, PORDY & ECKLER, P.A.
11921 Rockville Pike, 3rd Floor
Rockville, Maryland  20852
(301) 230-5200
(301) 230-2891 (facsimile)

*Counsel for Plaintiffs*

/s/ BRANDON H. ELLEDGE
_____
Christopher Myers (VSB#  18363)
chris.myers@hklaw.com
Brandon H. Elledge (VSB# 45349)
brandon.elledge@hklaw.com
Jonathan E. O'Connell (VSB# 76073)
jonathan.oconnell@hklaw.com
HOLLAND & KNIGHT LLP
1600 Tysons Blvd., Suite 700
McLean, Virginia  22102
(703) 720-8600
(703) 720-8610 (facsimile)

*Counsel for Defendants*

I further certify that a copy of the foregoing was sent this 27th day of March, 2009 by e-mail and hand delivery to:

Noryan Systems, Inc.
Noryan Holdings, Inc.
Noryan Consulting Services, Inc.
Attn:   Robert D. Padgett
        Muhammad Rashed
4501 Singer Court, Suite 250
Chantilly, Virginia  20151

Lynn Richards
1800 Old Meadow Road #1213
McLean, Virginia  22102

    I further certify that a copy of the foregoing was sent this 27th day of March, 2009 by e-mail and federal express to:

Anthony Furnelli
104 Hillcrest Avenue
Longmeadow, Massachusetts  01106

                                                                                     /s/

# 6201572_v1